**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-11748
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FRANK MARRUPE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20490-KMM-1
_____

Before BRANCH, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Marrupe appeals his 63-month sentence for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He argues that (1) § 922(g)(1) violates his Second Amendment right

to keep and bear arms, and (2) the district court erred by imposing his sentence to run consecutively to his state court sentence for the same conduct without considering § 5G1.3 of the United States Sentencing Guidelines and without explaining why it did not impose the sentence to run concurrently as provided in the guideline. We affirm Marrupe's conviction, but we vacate his sentence and remand for resentencing.

## I.

In September 2022, Marrupe was arrested and charged in Miami-Dade County Circuit Court with possessing a firearm as a felon and openly carrying a weapon, both in violation of Florida law. He was later indicted in federal court for violating § 922(g)(1) based on the same conduct underlying his state charge. He entered a guilty plea to the federal charge and was sentenced to 63 months in prison, followed by three years of supervised release. The district court imposed his sentence to run consecutively to the sentence to be imposed for the state firearm charges. Marrupe now appeals.

## II.

We review the constitutionality of a statute de novo. *United States v. Fleury*, 20 F.4th 1353, 1362 (11th Cir. 2021). "We review sentencing arguments raised for the first time on appeal for plain error." *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009).

### III.

### A.

Marrupe first argues that we should vacate his conviction because § 922(g)(1) violates the Second Amendment under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). This argument is foreclosed by our precedents.

In *United States v. Rozier*, we rejected a Second Amendment challenge to § 922(g)(1), noting that "the right secured by the Second Amendment is not unlimited," and § 922(g)(1) represented a "presumptively lawful longstanding prohibition" on the possession of firearms by felons. 598 F.3d 768, 770–71 (11th Cir. 2010) (quotations omitted). And in *United States v. Dubois*, we reaffirmed our decision in *Rozier* and explained that neither *Bruen* nor *Rahimi* abrogated our holding that § 922(g)(1) does not violate the Second Amendment. 139 F.4th 887, 889, 891–93 (11th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 570 (Jan. 20, 2026).

We remain bound by *Rozier*, so we reject Marrupe's Second Amendment challenge to his § 922(g)(1) conviction. *See id.* at 892–93.

### B.

Next, Marrupe argues that the district court erred by imposing his federal sentence to run consecutively to his state sentence, contrary to § 5G1.3 of the United States Sentencing Guidelines and without explaining the resulting significant departure from the

Guidelines sentence.  At sentencing, Marrupe requested that the district court "recommend" that his sentence run concurrently with the anticipated state sentence for the same conduct, but he did not mention § 5G1.3 or suggest to the court that a consecutive sentence deviated from the Guidelines.  Because he did not bring to the sentencing court's attention the specific grounds on which he now seeks appellate relief, our review is for plain error only.  *United States v. Thomas*, 108 F.4th 1351, 1355 (11th Cir. 2024).  We will grant relief for plain error only if we conclude that the district court (1) committed an error (2) that was plain or obvious and (3) affected the defendant's substantial rights, and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 1355–56.

The United States Sentencing Guidelines provide that when a defendant is expected to receive a term of imprisonment for a state offense that was part of the same course of conduct as his federal offense, the federal sentence "shall be imposed to run concurrently to the anticipated term of imprisonment" for the state offense.  U.S.S.G. § 5G1.3(c); *see id.* § 1B1.3(a)(2).  Section 5G1.3, like the rest of the Guidelines, is only advisory.  *United States v. Henry*, 1 F.4th 1315, 1322 (11th Cir. 2021).

Still, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and it should use the Guidelines as "the starting point and the initial benchmark" when calculating its sentence.  *Peugh v. United States*, 569 U.S. 530, 536 (2013) (quotations omitted).  If the court decides

that a variation from the Guidelines is appropriate, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall v. United States*, 552 U.S. 38, 50 (2007). And it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.*

Here, the district court committed plain error by failing to take § 5G1.3 into account when calculating Marrupe's Guidelines sentence, and by failing to explain its significant upward variance from the Guidelines when it ordered his federal sentence to run consecutively to the anticipated state sentence for the same conduct. *See id.* at 51 (district court commits "significant procedural error" if it fails to calculate or improperly calculates the Guidelines sentence, or if it fails to adequately explain any deviation from the Guidelines range). This error affected Marrupe's substantial rights because running his 63-month federal sentence consecutively to what turned out to be a four-year state sentence significantly increased his term of incarceration. *See Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016) (in most cases a district court's application of an incorrect, higher Guidelines range is an error affecting a defendant's substantial rights). And in the context of a plain Guidelines error, the "risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 585 U.S. 129, 140 (2018).

## IV.

We affirm Marrupe's conviction under 18 U.S.C. § 922(g)(1). But we vacate his sentence and remand for resentencing after consideration of U.S.S.G. § 5G1.3(c) and the other relevant guidelines and sentencing factors.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**